UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00071-RJC
(3:17-cr-00137-RJC-DCK-1)

| | |
|---|---|
| ALBERT HANKERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 10].

**I.    BACKGROUND**

On May 17, 2017, Petitioner Albert Hankerson ("Petitioner") was charged in a Bill of Indictment with one count of drug trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); one count of possession with intent to distribute crack cocaine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count Three); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Four).  [CR Doc. 37: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00071-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00137-RJC-DCK-1.

On May 23, 2017, the Government filed an Information Pursuant to 21 U.S.C. § 851 in which it set out Petitioner's previous conviction in Mecklenburg County, North Carolina, in 1988 for felony possession of a Schedule II controlled substance. [CR Doc. 39: § 851 Information]. On August 7, 2017, the parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts Three and Four and the Government agreed to dismiss the remaining counts. [CR Doc. 57 at ¶¶ 1-2: Plea Agreement]. The plea agreement set out the statutory minimum and maximum sentences for Counts Three and Four; that is, a minimum term of five (5) years consecutive to any other term of imprisonment and a maximum term of life under 18 U.S.C. § 924(c)(1) and a maximum term of ten years' imprisonment under 18 U.S.C. § 922(g)(1). [Id. at ¶ 5]. The parties agreed to jointly recommend that the Court find that no cross-references should apply to Count Four under the guidelines. [Id. at ¶ 8(b)]. And the Government agreed that it would not appose a sentence at the bottom of the applicable guidelines range. [Id. at ¶ 8(f)].

Petitioner stipulated that there was a factual basis for his guilty plea and that he had read and understood the Factual Basis filed in this matter. Petitioner also agreed that it may be used to determine the applicable advisory guidelines range or the appropriate sentence under 18 U.S.C. § 3553(a). [Doc. 57 at ¶ 15]. The Factual Basis provided significantly as follows:

> On April 26, 2017, law enforcement executed a federal search warrant of Defendant HANKERSON's residence, where he lives alone, and found him in possession of approximately 26 grams of a mixture and substance containing crack cocaine, several thousands of dollars in U.S. currency, and three firearms (all of which were manufactured outside the State of North Carolina and, thus, traveled in and effected interstate commerce). Some of the drugs and money were in his bed-side furniture, and one of the handguns was under his pillow. Based on the facts of this case, Defendant HANKERSON possessed the firearms in this case in furtherance of drug trafficking. Furthermore, **Defendant HANKERSON has previously been convicted of a Federal felony – that is, larceny of more than $1,000 by an U.S. Postal Service employee, a crime punishable by more than one year of imprisonment – and**

2

> **Possession of Schedule II in 1988**; and his convictions have not been expunged or annulled. Thus, **he was prohibited from possessing the firearms in this case**.

[CR Doc. 69 at ¶ 4: Factual Basis (emphases added)]. Petitioner also waived his rights to appeal and to pursue post-conviction relief except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 57 at ¶¶ 19-20].

The Magistrate Judge conducted Petitioner's plea hearing on August 31, 2017. [See Doc. 70: Acceptance and Entry of Guilty Plea]. At that time, Petitioner testified under oath that he was guilty of the charges to which he was pleading guilty, that he understood and agreed to be bound by the terms of his plea agreement, and that he had read, understood, and agreed with the Factual Basis. [CR Doc. 19 at ¶¶ 24, 26, 30-31]. Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction proceedings. [See id. at ¶¶ 27-28]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at p. 4].

Prior to Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 100 (PSR)]. The PSR included the offense conduct from the factual basis, *verbatim*, [Id. at ¶¶ 5-8], and listed the felony convictions referenced therein, [Id. at ¶¶ 29, 31]. The probation officer found a base offense level of 14 and an adjusted offense level of 26, based on application of the cross-reference to U.S.S.G. §2D1.1 where Petitioner possessed a firearm in the offense of commission in connection with the commission of another offense, that is, possession with intent to distribute cocaine. [Id. at ¶¶ 15, 17 (citing U.S.S.G. §2K2.1(c)(1)(A))]. After a three-level reduction for acceptance of responsibility, the probation officer found a Total Offense Level (TOL) of 23 and a Criminal History Category of I, yielding a recommended advisory guidelines range of 46 to 57 months on Count Four followed by the mandatory minimum

consecutive sentence of 60 months on Count Three. [Id. at ¶¶ 23-25, 35, 57, 59]. The probation officer noted, however, that if the Court were to adopt the parties' agreement that no cross-reference should apply to Count Four, the TOL would be 15, which would correspond to a guidelines range of 18 to 24 months on that count, plus the mandatory consecutive 60-month sentence on Count Three. [Id. at ¶ 60].

Petitioner was sentenced on March 22, 2018, to a term of imprisonment of 12 months on Count Four and a term of imprisonment of 60 months on Count Three, to be served consecutively to the term imposed on Count Four, for a total term of imprisonment of 72 months. [CR Doc. 119 at 2: Judgment]. The Court varied downward from the guidelines based on the history and characteristics of the Petitioner under 18 U.S.C. § 3553(a)(1), including Petitioner's age and poor health. [CR Doc. 120: Statement of Reasons]. Judgment on Petitioner's conviction was entered on May 16, 2018. [CR Doc. 119]. Petitioner did not directly appeal his conviction or sentence.

On December 10, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the Eastern District of North Carolina. [CV Doc. 1]. As grounds, Petitioner argues that he is actually innocent of having violated 18 U.S.C. §§ 922(g) and 924(a)(2) under Rehaif v. United States, 139 S. Ct. 2191 (2019).[2] [CV Doc. 1 at 6]. Petitioner states that he was convicted of "illegally obtaining a postal money order" "[i]n the early 1990's" and "[t]o the best of [his] memory and recollection … [t]he Court told him that he could possess firearms after some period of time passed; Petitioner recalls five or seven years being mentioned." [Doc. 1-1 at 3]. Petitioner claims, therefore, that he "did not know that his status prohibited him from possessing a firearm." [Id.; see also Doc. 12 at 2]. Petitioner claimed relief under § 2241 because his

---

[2] In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

challenge was premised on Rehaif, "which is statutory, not constitutional, and therefore permits Petitioner under In re Jones[3] to invoke 28 U.S.C. § 2241." [Id. at 5]. Petitioner believed that § 2241 provided relief because by the time Rehaif was decided, "the time [had] passed during which Petitioner could file a direct appeal or initial (Sec.) 2255 motion [*sic*]." [Doc. 1-1 at 6].

On January 29, 2021, the Honorable Judge Richard E. Myers, II, Chief District Judge, found that because Petitioner never filed a § 2255 motion, he did not satisfy "the section 2255(e) 'savings clause' requirement of demonstrating that a section 2255 motion is 'inadequate or ineffective to text the legality of his detention,' [and] the court lacks jurisdiction to consider petitioner's instant section 2241 petition on the merits." [CV Doc. 4 at 3]. Judge Myers, therefore, allowed Petitioner two weeks to inform the court whether he consented to the conversion of his petition to one for relief under § 2255 (and to transfer to the sentencing court) or if he wished to amend or withdraw the petition. [Id. at 4]. Petitioner timely responded and consented "under protest" to the conversion of his petition and the transfer of this proceeding to this Court. [CV Doc. 5]. Thereafter, Judge Myers ordered the conversion of the petition and transferred it to this Court. [CV Doc. 6].

---

[3] Under In re Jones, 226 F.3d 328 (4th Cir. 2000), where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" § 2255(e) permits a petitioner to seek relief under § 2241. 226 F.3d at 333. Section 2255 is inadequate or ineffective to test the legality of a conviction when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 429 (4th Cir. 2018) (citation omitted).

This Court ordered the Government to respond to Petitioner's § 2255 motion and the Government timely moved to dismiss. [CV Docs. 8, 10]. The Court, therefore, entered a Roseboro Order advising Petitioner of his right to respond. [CV Doc. 11]. Petitioner timely responded. [CV Doc. 12].

This matter is ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's motion for relief under § 2255 fails for several reasons. First, the post-conviction waiver that Petitioner executed as part of his plea agreement waives his claim. Second, Petitioner's Rehaif claim is procedurally barred. Finally, Petitioner's claim fails on the merits.

### A. Waiver

A waiver is the intentional relinquishment or abandonment of a known right. United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014). It occurs when a party "identifies an issue" and then explicitly declines to pursue it. Id. An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v.

6

Case 3:21-cv-00071-RJC   Document 13   Filed 09/22/21   Page 6 of 10

Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).  There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims," such as a sentence in excess of the statutory maximum or a challenge to the validity of a guilty plea.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, there is no question that Petitioner's plea agreement waiver was knowingly and voluntarily made.  And the plea agreement waiver explicitly precluded Petitioner from challenging his conviction or sentence in post-conviction proceedings based on any claim other than ineffective assistance of counsel or prosecutorial misconduct.

At the plea hearing, Petitioner testified that he understood and agreed to be bound by the terms of the plea agreement, and that he had read, understood, and agreed with the factual basis. Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction proceedings. Finally, Petitioner admitted that he was in fact guilty of the charges he was pleading to.  Petitioner's guilty plea was, therefore, freely and voluntarily entered.  See generally Lemaster, 403 F.3d at 221-22 (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).  As such, Petitioner's knowing and voluntary guilty plea, including the waiver of post-conviction rights, waived Petitioner's present Rehaif claim.  See United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (a waiver remains valid even in light of a subsequent change in law).

    B.    **Procedural Bar**

Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual

Case 3:21-cv-00071-RJC   Document 13   Filed 09/22/21   Page 7 of 10

prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised." Id. Futility does not establish cause to excuse procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evidenced from the record. See Bousley, 523 U.S. at 621-22. In fact, Petitioner does not contend – and the record contravenes – that he was unaware of this felony status at the time he possessed the firearm at issue. Rather, Petitioner contends that he was under the misimpression that his right to possess a firearm arm was restored some time after his felony convictions. Furthermore, Petitioner makes no showing that he was substantially disadvantaged by being unaware of the knowledge requirement because he did not allege that he did not know he

8

was a felon, nor does he allege that he would not have pleaded guilty had he known this requirement. As such, Plaintiff's current claim is also procedurally barred.

### C. Merits

This claim similarly fails on the merits. As noted, "in felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." Greer v. United States, 141 S. Ct. 2090 (2021) (citing Rehaif, 139 S. Ct. at 2199-2200). "As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons." Id. Again, Petitioner here does not contend or show that he was unaware of his felony status when he possessed the firearm. Rather, he claims that he believed that his felony status did not preclude him from possessing a firearm.

In sum, Petitioner's Rehaif claim has been waived, is procedurally barred, and fails on the merits. It will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition and grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss [Doc. 10] is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

9

Case 3:21-cv-00071-RJC   Document 13   Filed 09/22/21   Page 9 of 10

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 22, 2021

Robert J. Conrad, Jr.
United States District Judge